**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| SHEENA JACKSON, on behalf of minor child, R.B., | Case No. 1:20-cv-00339 |
| Plaintiff, | McFarland, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Sheena Jackson filed this Social Security appeal in order to challenge the Defendant's finding that her minor child (hereinafter "RB") is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff's seeks judicial review of the denial of benefits. As explained below, the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Background**

In November 2012 R.B. was found to be disabled as of October 26, 2012. RB's disability was subsequently determined to have continued in a determination dated July 31, 2014, a date known as the comparison point decision. ("CPD"). Thereafter, on April 12, 2018, the ALJ found that medical improvement occurred, and it was determined that R.B., who was twelve years old, was no longer disabled as of April 1, 2018. After the determination was denied upon reconsideration, Plaintiff requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). An evidentiary hearing was held on March 12, 2019, wherein Plaintiff and R.B. appeared and testified. (Tr. 45-80). On July 3, 2019, ALJ Renita Bivins denied Plaintiff's SSI application in a written decision. (Tr. 24 - 39).

Notably, the ALJ found that RB has severe impairments of attention deficit-hyperactivity disorder ("ADHD"), oppositional defiant disorder (ODD), disruptive behavior disorder, and borderline intellectual functioning. (Tr. 27). Considering those impairments, the ALJ found that RB functionally experiences "marked" limitations in only one relevant area or "domain" of her life – interacting and relating with others. (Tr. 35). The ALJ determined that although RB has other limitations, those limitations are "less than marked." (Tr. 32-38). Because RB has only one area of "marked" limitation, the ALJ determined that RB was not under disability, as defined in the Social Security Regulations, and was not entitled to SSI. (Tr. 38). The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination.

On appeal to this Court, Plaintiff proceeding pro se, contends that RB is still disabled. Notably, Plaintiff argues, *inter alia*, that RB is still suicidal and has an IEP. Upon careful review, the undersigned finds that Plaintiff's asserted assignments of error are not well-taken.

**II. Analysis**

**A. Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). An individual under the age of eighteen will be considered to be under a disability if the child has a medically determinable impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last, for a continuous period of not less than 12 months. *See* 42 U.S.C. §1382c(a)(3)(C)(i). The implementing regulations define the standard of "marked and

severe functional limitations" in terms of "listing-level severity." *See* 20 C.F.R. §§416.902, 416.906, 416.924a, 416.926.

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

At issue is whether the ALJ erred in finding that Claimant's condition had improved to the point that she was no longer disabled as of April 2018, after she was found disabled in 2014. The Social Security Act requires proof of continued eligibility for benefits, and that benefits should terminate if an individual no longer meets the high standard of disability. 42 U.S.C. § 423(f). A claimant is not entitled to a presumption of continuing disability. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In determining whether a minor continues to be disabled, an ALJ follows a three-step evaluation process. 20 C.F.R. § 416.994a(b). At step one, the ALJ

determines whether the impairments the claimant had when she was found disabled have improved. 20 C.F.R. § 416.994a(b)(1). If there is improvement, the ALJ moves on to step two.

At step two, the ALJ determines whether the claimant meets a listing, equals a listing, or "functionally equals" the listings based on the impairments the claimant had when she was found disabled. In determining whether a minor's impairments functionally equal the listings, an ALJ assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a. To functionally equal the listings, the claimant's impairment must result in "marked" limitations in two of the above six functional domains or an "extreme" limitation in one of the above domains. 20 C.F.R. § 416.924a(d). If the claimant does not satisfy a specific listing and does not functionally equal the listings, then the ALJ moves on to step three.

At step three, the ALJ determines whether the claimant has any new severe impairments since the original finding of disability. 20 C.F.R. § 416.994a. If not, then the claimant is generally not disabled. See id.

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is less than a preponderance of the evidence. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996). The threshold for substantial evidence is "not high."

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In federal court, the claimant carries the burden of showing that an ALJ prejudicially erred. *Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009).

### B. The ALJ's decision is supported by Substantial Evidence

At the CPD in 2014, the record indicated that RB participated in therapy due to behavior problems, including talking back to teachers, bullying classmates, and starting fights. RB's mother also reported that she was constantly in trouble for fighting with her siblings, lying, not following rules and being defiant. Notably, as a second-grade student, RB had 53 incidents that included use of profanity and disobedient, disrespectful, and disruptive behavior. She had trouble making and keeping friends and she was repeatedly suspended. She also engaged in self-harm, stayed out past curfew and skipped classes.

In finding that medical improvement occurred as of April 1, 2018, the ALJ found that the record showed a decrease in the severity of RB's impairments. Notably, the ALJ pointed to treatment notes and an individualized education program ("IEP") since April 1, 2018 "do not show suicidal ideation" or self-harm concerns. (Tr. 37).[1] Moreover, the ALJ pointed out that in April 2018, Plaintiff alleged at a consultative psychological exam that Claimant made a suicidal gesture and comments, but Claimant herself contradicted those allegations. (Tr. 37, 450). The ALJ also assigned considerable weight to the findings of Dr. Rivera, a state agency consultative psychologist. Notably, in July 2018, Dr. Rivera found that RB had less than marked limitations in attending and

---

[1] Plaintiff contends that RB went to Children's Hospital after attempting suicide in May. (Doc. 14. at 1). However, there is no evidence of a suicide attempt or subsequent hospital visit in the treatment record. The record shows that requests for records from Children's Hospital after April 2018 resulted in "no patient match." (Tr. 522, 585-86).

completing task, marked limitations in interacting and relating to others, and no limitations in caring for self. (Tr. 31).

The ALJ also relied on RB's April 2018 IEP report, noting that it showed Claimant "was earning good grades, she was progressing at the same level or higher than her peers, and while she remained in the special education program, she was working at grade level…. In fact, the intervention specialist noted that they would like to take the claimant off the IEP." (Tr. 33, 89, 511). The ALJ also recognized "that the claimant felt she [was] able to be successful in the classroom without additional support or specialized instructions and wanted to be taken off the IEP." (Tr. 30, 500). Plaintiff seems to allege that the notion that the school wanted to take Claimant off her IEP in 2018 is not true ("Lies"). (Doc. 14 at 4). However, the record supports the ALJ's finding. (See Tr. 89) ("Intervention specialist … says that child is average in reading, average in math. They would like to take her off of an IEP."); (Tr. 500) ("[Claimant] stated she would like to be taken off an IEP."); (Tr. 511) ("The team has determined that ESY services are not necessary.").

Here, Plaintiff has failed to point to any evidence to contradict the ALJ's findings. As detailed above, the ALJ's findings are substantially supported by the record evidence. As such, the ALJ's decision should not be disturbed.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

                                                 */s Stephanie K. Bowman*
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SHEENA JACKSON,<br>on behalf of minor child, R.B., | Case No. 1:20-cv-00339 |
| Plaintiff | Barrett, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit right on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).